| | |
|---|---|
| JAMES BRIAN BUCHNOWSKI, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br>SUSAN WHITE, )<br>Superintendent, Mountain View )<br>Correctional Institution, )<br> )<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Petitioner James Brian Buchnowski's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1).

I.  **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on February 25, 2008, in Mecklenburg County Superior Court, pled guilty to two counts of second-degree rape. See (Doc. No. 1 at 1; Doc. No. 1-1 at 13). Petitioner was sentenced to a term of two 70-93 month sentences, to run consecutively, totaling 140-86 months' imprisonment. (Id.). Petitioner was represented by Frederick Winiker, III. (Id. at 12). Petitioner did not appeal.

On or about December 30, 2008, Petitioner filed a pro se motion for appropriate relief ("MAR") in Mecklenburg County Superior Court. (Doc. No. 1 at 3). The MAR Court denied the MAR on November 12, 2009. (Id.). On or about May 27, 2011, Petitioner filed a second MAR. See (Doc. No. 1-1 at 4). By Order dated June 27, 2011, the MAR Court denied the second MAR. (Id. at 17). On February 14, 2012, Petitioner filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which the Court of Appeals denied on February 22,

2012. (Id. at 18). On March 8, 2012, Petitioner filed a "Notice of Appeal" in the North Carolina Supreme Court, which the Supreme Court denied by Order dated April 12, 2012. (Id. at 19). On November 7, 2012, Petitioner filed a "Motion for a Writ of Habeas Corpus" in Avery County Superior Court, which was dismissed on November 20, 2012. (Id. at 20).

On December 26, 2012, Petitioner filed the instant Section 2254 petition, alleging the following grounds for relief: (1) Petitioner's sentence violated his Sixth Amendment rights because the sentence was outside the presumptive maximum range; and (2) Petitioner has been deprived of his right to equal protection because, as a sex offender, Petitioner is subject to a longer supervised release period (60 months) than non-sex offenders (9 months).

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

## II.   STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding.  See 28 U.S.C. § 2244(d)(2).

## III. DISCUSION

Because Petitioner pled guilty and was sentenced in the mitigated range, his case became final when the trial court entered judgment on February 25, 2008.[1]  See N.C. GEN. STAT. § 15A-1444(a1) (limited right to appeal after guilty plea).  The one-year limitations period then ran for 309 days until Petitioner filed his first MAR on December 30, 2008.  The one-year limitations period remained tolled until the denial of the first MAR on November 12, 2009.  The limitations period then ran for another 56 days until it expired on January 7, 2010.  Because Petitioner did not file the instant Section 2254 petition until almost two years later on December 26, 2012, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).  Furthermore, the filing of Petitioner's second MAR and other motions after the one-year limitations period had already run did not revive the already expired one-year period of limitation.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that the Section 2254 petition was "clearly time-barred," where the petitioner had moved for post-conviction relief in state court only after the time limitation had expired).

Petitioner contends, however, that his petition is not time-barred because he filed the petition within one year of "the date on which the factual predicate of the claim or claims

---

[1] Even if Petitioner had the right to appeal within fourteen days of the judgment date under North Carolina law, thus making the final conviction date March 10, 2008, the petition is still time-barred.  See N.C. R. APP. P. 4(a)(2).

3

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Question 18 on the 2254 form-petition directs petitioners whose judgments of conviction became final more than one year ago to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2254(d) does not bar your Petition." In response to that question, Petitioner states:

> 2nd Mar is based on 'New Evidence' and denied only because it was subsequent to 1st MAR. North Carolina Chapter 17, Sections 1, 2, and 3. "Every person restrained of his liberty is entitled to a remedy to inquire into the lawfulness thereof, and to remove the same, if unlawful; and such remedy not to be denied or delayed." The privileges of Habeas Corpus shall not be suspended. "Every person imprisoned or restricted may prosecute a writ of habeas corpus and if illegal be delivered therefrom."
>
> The petitioner was sentenced on 2/25/2008 and submitted my 1st MAR on 12/30/2008. It wasn't until 11/12/2009 when 1st MAR was finally denied. On 5/27/2011 I submitted a 2nd MAR (new evidence) and writ of certiorari including an affidavit of the new evidence stating "it wasn't till 2010 that I learned about the NCGS BA-1368 and its 60 months post-release," and had I known differently it would have affected my 2008 plea of guilty. I then noted that "nothing involving post-release was in my plea, thus it was "reasonably unavailable" to me until I learned about it in 2010" (new info.) The 2nd MAR was filed A.S.A.P., within a year of acquiring the "new evidence." Furthermore, North Carolina does not have law libraries in its prisons, thus acquiring any legal material is time consuming so a 1 yr. time limit is unjust and not fair. Lastly, considering the magnitude of an illegal sentence, a 1 yr time limit seems nominal in comparison to a constitutional sentencing violation.[2]

(Doc. No. 1 at 13).

In his explanation to the Court as to why his petition is not time-barred, Petitioner first

---

[2] Because Petitioner responded to Question 18, no notice regarding equitable tolling is required pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). Furthermore, Bilal v. North Carolina, 287 F. App'x 241 (4th Cir. 2008), is distinguishable. In Bilal, the Fourth Circuit concluded that the district court's sua sponte dismissal of Petitioner's § 2254 petition was inappropriate, in part, because Petitioner's response of "N/A" to Question 18 on his form petition was ambiguous. Here, Petitioner did not respond "N/A" to Question 18 and his response is not otherwise unclear.

4

contends that he did not realize until 2010 that, as a convicted sex offender, he was subject to a sixty-month, post-sentence supervised release period, as opposed to a nine-month supervised release period for defendants who are not convicted sex offenders. Petitioner contends that the discrepancy in these supervised release periods gives rise to his equal protection claim. The Court finds that Section 2244(d)(1)(D) does not apply. First, the fact that Petitioner did not learn about the discrepancies in the terms of supervised release until 2010 does not constitute "a factual predicate of the claim or claims presented" under 28 U.S.C. § 2244(d)(1)(D). Furthermore, even if this could constitute a factual predicate of the claim or claims presented, Petitioner could have and should have discovered the information well before 2010. Thus, he did not act with due diligence in obtaining this information. In sum, Section 2244(d)(1)(D) does not apply. Thus, the triggering date for the one-year limitations period was the date on which his conviction became final, and, as such, the petition is time-barred.

The Court next considers whether the petition is subject to equitable tolling. The AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner's contention regarding the absence of law libraries in North Carolina prisons is not grounds for equitable tolling, nor is Petitioner's argument that a one-year limitations period under AEDPA is unfair when there has been an unfair sentence. Thus, equitable tolling is not appropriate in this case.

**IV.    CONCLUSION**

For the reasons stated herein, the Court will deny Petitioner's Section 2254 petition as

time-barred.

**IT IS, THEREFORE, ORDERED** that:

(1)  Petitioner's Section 2254 petition is **DENIED** and dismissed as untimely.

(2)  The Clerk is instructed to terminate this case. The Clerk of Court is also instructed to serve a copy of this Order and the petition on Respondent as well as the Attorney General of North Carolina, and note the manner of such service in the record.

(3)  It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 15, 2013

Robert J. Conrad, Jr.
Chief United States District Judge